UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted September 28, 2004[*]
Decided September 30, 2004

Before

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1889

| | |
|---|---|
| RANDY KASH,<br>*Petitioner-Appellant,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 02 C 1462<br><br>Harry D. Leinenweber,<br>*Judge.* |

## ORDER

In this appeal from the denial of a motion to vacate under 28 U.S.C. § 2255, the district court granted a certificate of appealability allowing us to review a "claim concerning the ability to 'aid and abet' when no underlying offense to[ok] place." We vacate the order granting the certificate of appealability and dismiss the appeal.

Randy Kash concocted a plan to steal $70,000 from an automated teller machine at the bank where he worked as a teller. Kash enlisted a would-be accomplice—

who promptly notified the FBI and started recording his conversations—to enter the bank when the ATM was being replenished and demand that the employee filling the

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

machine either turn over the cash or be shot. Kash supplied a pellet gun, told his recruit exactly what threatening words he should use to coerce compliance with his demand for the money, and even instructed the other man to effect a getaway by overturning a cart on Kash's co-worker. Kash was to be working during the robbery so he could signal the go-ahead by walking outside and running a hand through his hair. On the appointed day Kash did as planned and was arrested. He later pleaded guilty to a single count-indictment charging him with attempted bank robbery, ostensibly in "violation of Title 18, United States Code, Sections 2113(a) and 2." Kash admitted in his plea agreement that he did "attempt to take, by intimidation, from the person and presence of another, money belonging to" the bank, and that a week before his arrest he had already begun taking substantial steps toward executing the robbery. The district court sentenced him to 51 months' imprisonment, and Kash, though he filed a direct appeal, voluntarily dismissed it.

As relevant here, Kash claimed in his § 2255 motion that his lawyer was ineffective in counseling him to plead guilty without letting on that Kash had a valid defense to the indictment because his recruit was a government agent who could not have committed the underlying crime of attempted bank robbery, and that as a consequence Kash could not possibly have been convicted of aiding and abetting conduct that was not criminal. The district court denied this claim but then inexplicably granted the certificate of appealability, which drops all reference to ineffective assistance and directs the parties to brief the claim identified above. The parties have done just that, but the claim identified by the district court is not one presented in Kash's § 2255 motion and cannot then be the basis for granting a certificate of appealability. The question framed by the district court—divorced as it is from any Sixth Amendment claim of ineffective assistance—was procedurally defaulted when Kash failed to raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993). And we cannot consider expanding the certificate of appealability to reach the Sixth Amendment claim because the parties have not approached the case in this way.

Accordingly we will vacate the certificate of appealability, but we note that we would have no trouble affirming the denial of Kash's motion even if we could address the question the parties present. The certificate of appealability queries whether it is possible to incur criminal liability for aiding and abetting what is not a crime, and of course the answer is easily "no;" no matter the government's theory of the case, some *crime* (including an inchoate offense like the attempted robbery here) must be committed before criminal liability attaches. *See United States v. Loscalzo*, 18 F.3d 374, 383 (7th Cir. 1994); *Londono-Gomez v. INS*, 699 F.2d 475, 476 (9th Cir. 1983). But the certificate of appealability poses the wrong question because it rests on the faulty premise that Kash was convicted on the theory that he aided and abetted *his recruit's* commission of a crime. *See United States v. Schuh*, 289 F.3d 968, 976 (7th

Cir. 2002) (Section 2 simply defines a theory of prosecution, not a substantive offense). Kash, though, was the principal in a one-man crime, not an aider and abetter in the sense those words are used in § 2(a). *See* 18 U.S.C. § 2(a) ("Whoever . . . aids, abets, counsels, commands, induces or procures" the commission of a crime "is punishable as a principal."). Kash pleaded guilty to attempted bank robbery and admitted to committing the essential elements—forming the requisite intent to rob a federally insured bank and taking a substantial step toward achieving that intent—so no look at what his recruit did is necessary. *See United States v. Bailey*, 227 F.3d 792, 797 (7th Cir. 2000) (to prove attempt, the government must show specific intent to complete the underlying crime and a substantial step taken toward completion); *United States v. W. Indies Transp., Inc.*, 127 F.3d 299, 307 (3d Cir. 1997) (workers' intent was irrelevant under 18 U.S.C. § 2(b) so long as the defendants' intentionally caused them to submit false information). Buying a gun to use in a planned crime is a substantial step, *see United States v. Duran*, 96 F.3d 1495, 1508 (D.C. Cir. 1996), as is trying to recruit an accomplice, even one who goes to the police, *see United States v. Crawford*, 837 F.2d 339, 339-40 (8th Cir. 1988) (per curiam). Given these facts, the reference to § 2 in the indictment served no purpose, and thus Kash's lawyer took the only reasonable course in not advising him to stake a defense on the theory proposed in his brief.

Therefore, we VACATE the certificate of appealability and DISMISS the appeal.